IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                          No. 11-10168-01-JTM

MATTHEW L. CHURCH,
        Defendant.


MEMORANDUM AND ORDER

The defendant Matthew Church pled guilty to bank robbery on March 5, 2012, and was sentenced to 180 months imprisonment. (Dkt. 20, 29). His sentence was affirmed by the Tenth Circuit on March 1, 2013. *United States v. Church*, 512 Fed. App'x 760, 762 (10th Cir. 2013). Church now moves[1] to vacate the sentence under 28 U.S.C. § 2255, presenting two arguments. First, he contends that he should not have been treated as a career offender based on his federal robbery charge and earlier state convictions for burglary, attempted robbery, and attempted aggravated robbery. Second, he contends his robbery conviction is invalid as it did not affect interstate commerce.

---

[1] In 2016, Church filed an earlier motion for relief (Dkt. 44) under 28 U.S.C. § 2255 based on the Supreme Court's decsision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), but he voluntarily dismissed the motion prior to any decision by the court on the merits. (Dkt. 52).

Church's first argument is precluded by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886, 892 (2017), which determined that sentences rendered under the advisory Sentencing Guidelines (as was the defendant's) are not subject to vagueness challenges.[2] Church's interstate commerce clause argument is barred by the relevant statute of limitations. Under 28 U.S.C. § 2255(f)(1), any collateral attack on the judgment of conviction must be made within one year of when it became final. Church's conviction became final October 7, 2013, after the Supreme Court denied his petition for certiorari following his appeal to the Tenth Circuit. The present motion is thus four years beyond the limitations period.

IT IS ACCORDINGLY ORDERED this day of July, 2019, that the defendant's Motion to Vacate (Dkt. 53) is hereby denied.

s/ J. Thomas Marten
J. Thomas Marten, Judge

---

[2] Any such challenge under *Johnson v. United States*, 135 S.Ct. 2551 (2015) is also untimely. Under 28 U.S.C. § 2255(f)(3), Church had one year from the June 26, 2015 decision in *Johnson* to raise his claim of vagueness. His present motion is over two years past this deadline.